# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| Yeti Coolers, LLC, | Case No. 1:14-CV-871 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | **(1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| Southern Marketing Affiliates, Inc., | **(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| Defendant. | **(3) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | **(4) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;** |
| | **(5) TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | **(6) COMMON LAW TRADE DRESS INFRINGEMENT;** |
| | **(7) COMMON LAW UNFAIR COMPETITION;** |
| | **(8) COMMON LAW MISAPPROPRIATION; AND** |
| | **(9) UNJUST ENRICHMENT.** |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Yeti Coolers, LLC ("YETI"), for its complaint against Defendant Southern Marketing Affiliates, Inc. ("SMA" or "Defendant"), based on knowledge and on information and belief as appropriate, alleges as follows:

1

**The Parties**

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 2000, Austin, TX 78735.

2.     On information and belief, SMA is a corporation organized and existing under the laws of the State of Arkansas with a principal place of business at 2623 Commerce Dr., Jonesboro, AR 72401.

**Jurisdiction and Venue**

3.     This is an action for trade dress infringement, unfair competition, false designation of origin, trade dress dilution, patent infringement, misappropriation, and unjust enrichment.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("Lanham Act"); the U.S. Patent Laws, 35 U.S.C. §§ 271, 281, 283-285; the Texas Business & Commerce Code; federal common law; and state common law, including the law of Texas.

4.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.     Defendant did and continues to advertise, offer for sale, and sell infringing cooler products to customers, including customers in the State of Texas and in this District.

6.     This Court may exercise personal jurisdiction over Defendant based upon Defendant's contacts with this forum, including at least Defendant's tortious acts giving rise to this lawsuit within this district and Defendant's regular and intentional conduct of business here.

7.     Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Trade Dress**

8.     For almost ten years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty coolers.  YETI created unique, distinctive, and non-functional designs to use with YETI's coolers.  YETI has extensively and continuously promoted and used these designs for years in the United States.  Through that extensive and

2

continuous use, the YETI designs have become a well-known indicator of the origin and quality of YETI cooler products.  The YETI designs also have acquired substantial secondary meaning in the marketplace and have become famous.  YETI owns trademark and trade dress rights relating to the source-identifying features of its cooler designs.  YETI also owns United States Design Patent Nos. D712,720, D712,721, D712,722, and D712,723 (hereafter, the "YETI Patents") to features of the YETI cooler designs (attached as Exhibits A – D).

9.      In about 2008, YETI introduced the "Roadie®" cooler into the marketplace. [1]  As a result of YETI's considerable investments and efforts, the Roadie cooler is designed and built to provide extreme insulating capabilities and exceptional durability.  YETI has invested substantial resources in the design, development, manufacture, and marketing of YETI's Roadie coolers.

10.     YETI has sold more than 300,000 Roadie coolers throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing its Roadie coolers.  The design and features of the Roadie cooler have received widespread and unsolicited public attention.  For example, the Roadie cooler design has been featured in numerous newspaper, magazine, and Internet articles directed to outdoor enthusiasts.

11.     The Roadie cooler design has distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI.  Illustration 1 below shows the YETI Roadie cooler design.

---

[1] YETI owns Trademark Registration No. 4,083,932 for the trademark ROADIE for portable coolers.

| Illustration 1:  The YETI Roadie® cooler |
| --- |



12.     As a result of YETI's continuous and exclusive use of the design for the YETI Roadie cooler for more than six years, YETI's marketing, advertising and sales of the design, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the Roadie cooler design.

13.     Also in about 2008, YETI introduced the "Tundra®" cooler into the marketplace.[2] As a result of YETI's considerable investments and efforts, the Tundra cooler, like the Roadie cooler, is designed and built to provide extreme insulating capabilities and exceptional durability. YETI has invested substantially in the design, development, manufacture, and marketing of Tundra coolers.

14.     YETI has sold more than 1,000,000 Tundra coolers throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing its Tundra coolers.  The design and features of Tundra coolers have also received widespread and unsolicited public attention.  For example, the Tundra designs have

---

[2] YETI owns Trademark Registration No. 4,083,930 for the trademark TUNDRA for portable coolers.

been featured in numerous newspaper, magazine, and Internet articles directed to outdoor enthusiasts.

15.    The Tundra cooler designs have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI.   Illustration 2 below shows exemplary Tundra cooler designs in two of the cooler sizes sold by YETI.



| Illustration 2:  The YETI Tundra® 35 Cooler and YETI Tundra® 65 Cooler |
| :---: |
| YETI Tundra® 35 Cooler |
| YETI Tundra® 65 Cooler |

16.    As a result of YETI's continuous and exclusive use of the designs for more than six years, YETI's marketing, advertising and sales of the design, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in

the Tundra cooler designs.

17.     YETI's trade dress rights in the designs and appearance of the Roadie and Tundra coolers, include, but are not limited to, (1) the style line on the front of the cooler; (2) the style line on the back of the cooler; (3) the style line on each side of the cooler; (4) the "duck-bill" tapered front corners of the cooler; (5) the inverted style line above the nameplate and below the lid; (6) the ledge around the perimeter of the cooler; (7) the front, side, and rear design of the feet of the cooler; (8) the placement and design of the slots on the side, front, and rear of the cooler, (9) the placement of the nameplate on the front between the two front style lines; (10) the design of the nameplate and nameplate lettering; and (11) the color contrast, color combinations, and shapes of features of the cooler; whether these elements are alone or in any combination with each other, and including the overall look and appearance of the Roadie and Tundra coolers. These features, alone or in combination, and including the overall look and appearance of the Roadie and Tundra coolers, are collectively hereafter referred to as the "YETI Trade Dress."

18.     As a result of YETI's years of exclusive, continuous, and substantial use, advertising, and sales of coolers bearing the YETI Trade Dress, and the publicity and attention that has been paid to the YETI Trade Dress, the YETI Trade Dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate it as a source identifier of YETI.

19.     YETI has taken additional steps to protect its ornamental cooler designs.  On September 9, 2014, YETI obtained United States Design Patent Nos. D712,720, D712,721, D712,722, and D712,723 to features of the ornamental cooler design.  Copies of the Yeti Patents are attached hereto as Exhibits 1-4 and are incorporated by reference.  Exemplary views of claims of the YETI Patents are displayed in Illustration 3 below.  YETI owns all right, title, and interest in the YETI Patents.

**Illustration 3:  Exemplary Views of YETI Patent Claims**



**U.S. Patent No. D712,720**

**U.S. Patent No. D712,722**

**U.S. Patent No. D712,721**

**U.S. Patent No. D712,723**

<u>**General Allegations – Defendant's Unlawful Activities**</u>

20.     Defendant has and is continuing to misappropriate the goodwill and secondary meaning in the YETI Trade Dress in YETI's coolers.  Defendant is purposefully advertising, offering for sale, and selling coolers under at least the name "ICEBIN" that include the YETI Trade Dress and that bear designs that are substantially similar to the YETI Patents (collectively, the "Infringing Products").  Defendant's coolers are offered in the exact same sizes as YETI's

own products.  Defendant's coolers are confusingly similar imitations of YETI's coolers and the YETI Trade Dress.  Defendant's actions infringe and dilute YETI's Trade Dress rights, infringe the YETI Patents, constitute unfair competition and false designation of origin, as well as unjust enrichment, misappropriation, and common law trademark infringement.

21.     Illustrations 4 – 6 below demonstrate Defendant's unlawful activity by comparing examples of the YETI coolers to representative images of the Infringing Products.

| **Illustration 4:  Example YETI cooler (left), Representative Infringing Product (right)** | |
|---|---|
|  | |
| **YETI Roadie® Cooler** | **ICEBIN Rambler 20 Liter** |

| Illustration 5:  Example YETI cooler (left), Representative Infringing Product (right) | |
|---|---|
| YETI Tundra® 35 | ICEBIN Cryo 35 Liter |

| Illustration 6:  Example YETI cooler (left), Representative Infringing Product (right) | |
|---|---|
| YETI Tundra® 65 | ICEBIN Cryo 65 Liter |

22.     YETI used the YETI Trade Dress extensively and continuously before Defendant began selling, offering to sell, distributing, or advertising the Infringing Products.  Moreover, the YETI Trade Dress became famous and acquired secondary meaning in the United States and in the State of Texas before Defendant commenced its use of the YETI Trade Dress.

23.     YETI never authorized Defendant to sell, offer to sell, distribute, or advertise the

Infringing Products.

24.    Defendant's activities also infringe on the YETI Patents.  A comparison of the YETI Patents and an example of Defendant's Infringing Products is provided in Illustration 7 below.



| Illustration 7:  Example Views of the YETI Patents (left), Representative Infringing Product (right) | |
|---|---|
| U.S. Patent No. D712,720 | |
| U.S. Patent No. D712,721 | ICEBIN Rambler 20 Liter |
| U.S. Patent No. D712,722 | |
| U.S. Patent No. D712,723 | |

10

25.     Defendant engages in substantial activity in Texas and this District.  Examples of Defendant's activity include: (i) Defendant maintains seventy-three dealers in Texas, more than any other state, including dealers in this District, (ii) Defendant maintains at least one warehouse in Texas, and (iii) Defendant's principal website reaches into Texas.

26.     As a result of Defendant's activities related to the Infringing Products, there is already evidence of confusing associations in the marketplace between the Infringing Products and Defendant on the one hand, and YETI's coolers, the YETI Trade Dress, and YETI on the other hand, that is indicative of consumer confusion and misappropriation of YETI's hard-earned rights and goodwill in the YETI Trade Dress.

27.     On July 8, 2014, YETI mailed a cease and desist letter to Defendant's president at its business address in Arkansas.  The letter identified that various ICEBIN coolers Defendant was promoting, offering to sell, and selling, willfully infringe the YETI Trade Dress, at least because these products are "obvious imitations" of YETI's coolers.  Despite the readily apparent visual similarity of the ICEBIN products to the YETI Trade Dress, Defendant refused to cease marketing, offering for sale or selling the Infringing Coolers.

28.     On information and belief – as evidenced at least by the facts and circumstances alleged above – Defendant's infringements have been intentional and willful, in bad faith, and manifest a deliberate and knowing disregard of YETI's trade dress rights, making this an exceptional case under 15 U.S.C. § 1117 and entitling YETI to, among other things, Defendant's profits, actual damages, enhanced damages, and attorneys' fees under at least 15 U.S.C. § 1117 and Tex. Bus. & Com. Code § 16.104.

**Count I:**
**Trade Dress Infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

29.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 28, inclusive, and incorporates them by reference herein.

30.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's rights in the YETI Trade Dress.  Defendant's use of the YETI Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with YETI and as to the origin, sponsorship, or approval of the Infringing Products.

31.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States.  Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI cooler products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

32.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

33.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

34.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 – 6 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

12

35. YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.

**Count II:**
**Unfair Competition and False Designation of Origin under Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

36. YETI re-alleges each and every allegation set forth in paragraphs 1 through 35 above, inclusive, and incorporates them by reference herein.

37. Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitutes unfair competition, at least because the Defendant has obtained an unfair advantage as compared to YETI, through its use of the YETI Trade Dress and/or colorable imitations thereof, to falsely designate the origin, affiliation, or sponsorship of Defendant and of the Infringing Products.

38. The YETI Trade Dress is entitled to protection under both federal and common law. The YETI Trade Dress uses unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States. Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI cooler products. The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

39. Defendant's use of the YETI Trade Dress and colorable imitations thereof constitutes a false designation of origin that is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

13

40.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

41.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 – 6 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

42.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.

**Count III:**
**Trade Dress Dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

43.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 42 above, inclusive, and incorporates them by reference herein.

44.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  The YETI Trade Dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of the YETI Trade Dress for years in the United States.  Through that extensive and continuous use, the YETI Trade Dress has become a famous, well-known indicator of the origin and quality of YETI cooler products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI's cooler products.  The YETI Trade Dress also has acquired substantial secondary meaning in the marketplace.

Moreover, the YETI Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

46.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI Trade Dress at least by eroding the public's exclusive identification of the famous YETI Trade Dress with YETI, by lessening the capacity of the famous YETI Trade Dress to identify and distinguish YETI cooler products, by associating the YETI Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI Trade Dress.

47.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

48.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 – 6 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

49.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Patent Infringement Under 35 U.S.C. § 271**

50.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 49 above, inclusive, and incorporates them by reference herein.

51.     By making, using, selling, and/or offering for sale the Infringing Products, Defendant has infringed, and will continue to infringe, the YETI Patents under 35 U.S.C. § 271 literally and/or under the doctrine of equivalents.

52.     On information and belief, Defendant's infringement of the YETI Patents under 35 U.S.C. § 271, at least after the filing and service of this Complaint, is willful and deliberate.

53.     As a consequence of Defendant's infringing acts, YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §§ 281, 284, 285, and 289.

54.     As a consequence of Defendant's infringing acts, Defendant has also caused, is causing, and will continue to cause irreparable harm to YETI, for which there is no adequate remedy at law, and for which YETI is entitled to injunctive relief under 35 U.S.C. § 283.

**Count V:**
**Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

55.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 54 above, inclusive, and incorporates them by reference herein

56.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 16.103 of the Texas Business & Commerce Code.

57.     The YETI Trade Dress is entitled to protection under Texas law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and in the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a famous and well-known indicator of the origin and quality of YETI cooler products in the United States and in the State of Texas, and the YETI Trade Dress is widely recognized by the public throughout Texas as a designation of the source of YETI's cooler products.  The YETI Trade Dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas.  Moreover, the YETI Trade Dress became famous and acquired this secondary meaning

16

before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

58.   Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI Trade Dress at least by eroding the public's exclusive identification of the famous YETI Trade Dress with YETI, by lessening the capacity of the famous YETI Trade Dress to identify and distinguish YETI cooler products, by associating the YETI Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI Trade Dress.

59.   Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

60.   On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 – 6 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

61.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104

**Count VI:**
**Common Law Trademark Infringement**

62.   YETI re-alleges each and every allegation set forth in paragraphs 1 through 61 above, inclusive, and incorporates them by reference herein.

63.   Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law trademark infringement, at

least because the Defendant's use of the YETI Trade Dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products.

64.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI cooler products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

65.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

66.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

67.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 – 7 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

68.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Unfair Competition**

69.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 68 above, inclusive, and incorporates them by reference herein.

70.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of the Defendant's goods and/or by simulating the YETI Trade Dress in an intentional and calculated manner.

71.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI cooler products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

72.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

73.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

74.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is

evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 – 7 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

75.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Common Law Misappropriation**

76.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 75 above, inclusive, and incorporates them by reference herein.

77.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law misappropriation.

78.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI cooler products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

79.     YETI created the products covered by the YETI Trade Dress through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used the YETI Trade Dress and/or colorable imitations thereof in competition with Plaintiffs and gained a special advantage because they were not burdened with the expenses incurred by YETI.  Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and

misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

80.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.  Moreover, a result of its misappropriation, Defendant has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill of the YETI Trade Dress.

81.     Defendant's misappropriation of the YETI Trade Dress has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 – 6 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

82.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count IX:**
**Unjust Enrichment**

83.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 82 above, inclusive, and incorporates them by reference herein.

84.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute unjust enrichment, at least because Defendant has wrongfully obtained benefits at YETI's expense.

85.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress

has become a well-known indicator of the origin and quality of YETI cooler products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

86.    YETI created the products covered by the YETI Trade Dress through extensive time, labor, effort, skill, and money.  Defendant has and is wrongfully using the YETI Trade Dress and/or colorable imitations thereof in competition with YETI, and has and is gaining a wrongful benefit by undue advantage, because it has not been burdened with the expenses incurred by YETI, yet is obtaining the resulting benefits for its own business and products.

87.    Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Defendant has and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

88.    Defendant's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustrations 4 and 6 – 7 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

89.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits.

## **Demand for Jury Trial**

90.    Plaintiff Yeti Coolers, LLC hereby demands a jury trial on all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Defendant has (i) willfully infringed the YETI Trade Dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) willfully engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) willfully diluted the YETI Trade Dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) willfully diluted the YETI Trade Dress in violation of Tex. Bus. & Com. Code § 16.103; (v) willfully violated YETI's common law rights in the YETI Trade Dress; (vi) willfully engaged in common law unfair competition; (vii) willfully engaged in common law misappropriation; (viii) been unjustly enriched at YETI's expense; and (ix) infringed the YETI Patents in violation of § 271 of Title 35 in the United States Code;

2.      A preliminary and permanent injunction against further infringement and dilution of the YETI Trade Dress, further infringement of the YETI Patents, and further acts of unfair competition, misappropriation, and/or unjust enrichment by Defendant, each of its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the Infringing Products, or any other products that use a copy, reproduction, or colorable imitation of the YETI Trade Dress or YETI Patents, pursuant to at least 15 U.S.C. § 1116, 35 U.S.C. § 283, and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Defendant to recall all Infringing Products sold and/or distributed and provide a full refund for all recalled Infringing Products;

4.      An Order directing the destruction of (i) all Infringing Products, including all recalled Infringing Products, (ii) any other products that use a copy, reproduction, or colorable imitation of the YETI Trade Dress in Defendant's possession or control, (iii) all plates, molds and other means of making the Infringing Products in Defendant's possession, custody, or control, and (iv) all advertising materials related to the Infringing Products in Defendant's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

23

5.      An Order directing Defendant to publish a public notice providing proper attribution of the YETI Trade Dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Infringing Products are recalled;

6.      An Order barring importation of Infringing Products and/or colorable imitations thereof into the United States, and barring entry of the Infringing Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to 15 U.S.C. § 1125(b);

7.      An award of Defendant's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and postjudgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. § 1117 and Tex. Bus. & Com. Code § 16.104;

8.      An award of damages adequate to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, or an award of Defendant's profits from their patent infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs, pursuant to 35 U.S.C. § 284; and

9.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _/ s / Joseph Gray_____
      Joseph Gray
      Texas Bar No. 24045970
      joseph.gray@bakerbotts.com
      Matt C. Wood
      Texas Bar No. 24066306
      matt.wood@bakerbotts.com
      98 San Jacinto Blvd., Suite 1500
      Austin, Texas 78701
      (512) 322-2639
      (512) 322-8385 fax

BANNER & WITCOFF, LTD.

      Joseph J. Berghammer  (*pro hac vice forthcoming*)
      Illinois Bar No. 6273690
      jberghammer@bannerwitcoff.com
      Katie L. Becker  (*pro hac vice forthcoming*)
      Illinois Bar No. 6292366
      kbecker@bannerwitcoff.com
      Eric J. Hamp  (*pro hac vice forthcoming*)
      ehamp@bannerwitcoff.com
      Illinois Bar No. 6306101
      Ten South Wacker Drive
      Suite 3000
      Chicago, IL 60606-7407
      (312) 463-5000
      (312) 463-5001 fax

**ATTORNEYS FOR PLAINTIFF YETI COOLERS, LLC**

25

# EXHIBIT  1

US00D712720S

(12) **United States Design Patent** (10) Patent No.: **US D712,720 S**

Seiders (45) Date of Patent: ** **Sep. 9, 2014**

(54) **LATCH**

(71) Applicant: **YETI Coolers, LLC**, Austin, TX (US)

(72) Inventor: **Roy Joseph Seiders**, Austin, TX (US)

(73) Assignee: **YETI Coolers, LLC**, Austin, TX (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/479,076**

(22) Filed: **Jan. 10, 2014**

**Related U.S. Application Data**

(63) Continuation of application No. 13/304,739, filed on Nov. 28, 2011.

(51) **LOC (10) Cl.** ............................................. **08-07**
(52) **U.S. Cl.**
  USPC ........................................... **D8/343**; D8/331
(58) **Field of Classification Search**
  CPC ............ D05C 1/00; D05C 1/002; D05C 1/08; D05C 1/10; D05C 3/00; D05C 3/002; D05C 3/12; D05C 3/16; D05C 19/08; D05C 5/00; D05C 21/00
  USPC ................. D8/330, 331, 341, 343, 301, 302; 70/14, 64–76, 141, 142, 119, 111, 164, 70/240, DIG. 80; 292/358, 359, 348, 256, 292/256.5, 247, DIG. 31, DIG. 49, DIG. 63; D3/232, 900, 903; 220/324, 833, 834; 190/900, 902; 206/6.1
  See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D2,237 | S | 12/1865 | Richardson |
| 1,087,167 | A | 2/1914 | Groehn |
| 1,483,953 | A | 2/1924 | Rainey |
| 1,490,575 | A | 4/1924 | Masury et al. |
| 1,699,313 | A | 1/1929 | Schlaich |
| 2,641,493 | A | 6/1953 | Flugarth |
| 2,960,216 | A | 11/1960 | Brady |
| 3,618,995 | A | 11/1971 | McLean |
| 3,690,708 | A | * | 9/1972 | Worley et al. .................. 292/101 |
| 3,782,765 | A | 1/1974 | Wallyn |
| 3,782,795 | A | 1/1974 | Richey et al. |
| D257,218 | S | 10/1980 | Eriksson |
| D278,502 | S | * | 4/1985 | Powell, Jr. ..................... D7/605 |

(Continued)

OTHER PUBLICATIONS

Yeti design photos, published date unknown, but prior to the filing date of the present application.

(Continued)

*Primary Examiner* — Prabhakar Deshmukh
(74) *Attorney, Agent, or Firm* — Banner & Witcoff, Ltd.

(57) **CLAIM**

The ornamental design for a latch, as shown and described.

**DESCRIPTION**

FIG. **1** is a top, front, left perspective view of a latch showing my new design;
FIG. **2** is a partial top, front, left perspective view thereof;
FIG. **3** is a partial front view with a cut-away portion thereof;
FIG. **4** is a partial bottom, front perspective view thereof;
FIG. **5** is an exploded top, front, left partial perspective view thereof; and,
FIG. **6** is partial bottom, front perspective view of an alternative configuration thereof.
The broken lines immediately adjacent to the shaded area represent unclaimed boundaries of the design. The broken lines showing the remainder of the latch are for environmental purposes only and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



**US D712,720 S**

Page 2

(56)                    **References Cited**

**U.S. PATENT DOCUMENTS**

| | | | |
|---|---|---|---|
| D289,850 | S | 5/1987 | Olson |
| 4,702,504 | A | 10/1987 | Brothers |
| D297,813 | S * | 9/1988 | Marx ............................. D8/394 |
| 4,804,215 | A | 2/1989 | Bisbing |
| 4,828,298 | A | 5/1989 | Bisbing |
| 4,830,413 | A | 5/1989 | Bisbing |
| D314,683 | S | 2/1991 | Scanland |
| D333,775 | S * | 3/1993 | Krape ............................. D8/342 |
| 5,213,381 | A * | 5/1993 | Anderson ..................... 292/111 |
| D361,929 | S | 9/1995 | Weinerman et al. .......... D8/336 |
| D364,082 | S * | 11/1995 | Weinerman et al. .......... D8/331 |
| 5,478,125 | A * | 12/1995 | Gromotka .................... 292/67 |
| D374,806 | S * | 10/1996 | Ford et al. .................... D8/331 |
| D380,369 | S | 7/1997 | Antonucci |
| 5,735,428 | A * | 4/1998 | Chern ............................. 220/324 |
| 5,738,238 | A | 4/1998 | Yang |
| 5,984,383 | A | 11/1999 | Parikh et al. |
| D427,882 | S | 7/2000 | Wytcherley et al. |
| D435,780 | S | 1/2001 | Tieu |
| 6,182,683 | B1 * | 2/2001 | Bania et al. ..................... 62/264 |
| D454,292 | S | 3/2002 | Plummer et al. |
| 6,398,272 | B1 * | 6/2002 | Plummer et al. ............. 292/246 |
| D469,681 | S | 2/2003 | Votruba et al. |
| D491,440 | S | 6/2004 | Pfeiffer et al. |
| D491,796 | S | 6/2004 | Eriksson |
| D491,797 | S | 6/2004 | Eriksson |
| 6,805,795 | B2 * | 10/2004 | Hawkins et al. .............. 210/238 |

| | | | |
|---|---|---|---|
| 7,370,891 | B1 * | 5/2008 | Schmitt et al. ................ 292/113 |
| D584,594 | S | 1/2009 | Marko |
| D590,694 | S | 4/2009 | Stuckey |
| 7,540,364 | B2 * | 6/2009 | Sanderson .................... 190/119 |
| D602,347 | S | 10/2009 | Allen |
| 8,186,728 | B2 * | 5/2012 | Kopylov ........................ 292/113 |
| D699,100 | S * | 2/2014 | Moreau et al. ................ D8/394 |
| 2008/0110892 | A1 | 5/2008 | House |
| 2009/0139245 | A1 * | 6/2009 | Blackway et al. .............. 62/3.62 |

OTHER PUBLICATIONS

Southco 37 Draw Latch Flyer, published date unknown, but prior to the filing date of the present application.

https://web.archive.org/web/20080530173551/http://www.alltackle.com/fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 8 pages.

https://web.archive.org/web/20080530173902/http://www.alltackle.com/yeti_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 5 pages.

https://webarchive.org/web/20081224163250/http://www.alltackle.com/icey_tek_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on Dec. 24, 2008, 5 pages.

Photographs showing prior art product sold in this country more than one year prior to the earliest filing date of instant application, 22 pages.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3

Case 1:14-cv-00871-SS Document 1 Filed 09/15/14 Page 32 of 61



FIG. 4



FIG. 5



FIG. 6

EXHIBIT  2

US00D712721S

(12) **United States Design Patent**     (10) **Patent No.:**     **US D712,721 S**

Seiders     (45) **Date of Patent:**     **     **Sep. 9, 2014**

(54) **LATCH**

(71) Applicant: **YETI COOLERS, LLC**, Austin, TX (US)

(72) Inventor: **Roy Joseph Seiders**, Austin, TX (US)

(73) Assignee: **YETI COOLERS, LLC**, Austin, TX (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/482,355**

(22) Filed: **Feb. 18, 2014**

**Related U.S. Application Data**

(63) Continuation of application No. 13/304,739, filed on Nov. 28, 2011.

(51) **LOC (10) Cl.** .............................................. **08-07**

(52) **U.S. Cl.**
USPC ......................................................... **D8/343**

(58) **Field of Classification Search**
CPC ............ E05C 1/00; E05C 1/002; E05C 1/08;
E05C 1/10; E05C 3/00; E05C 3/002; E05C
3/12; E05C 3/16; E05C 19/08
USPC ................. D8/330, 331, 341, 343, 301, 302;
70/14, 64–76, 141, 142, 119, 111, 164,
70/240, DIG. 80; 292/358, 359, 348, 256,
292/256.5, 247, DIG. 31, DIG. 49, DIG. 63;
D3/232, 900, 903; 220/324, 833, 834;
190/900, 902; 206/6.1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D2,237 | S | 12/1865 | Richardson |
| 1,087,167 | A | 2/1914 | Groehn |
| 1,483,953 | A | 2/1924 | Rainey |
| 1,490,575 | A | 4/1924 | Masury et al. |
| 1,699,313 | A | 1/1929 | Schlaich |
| 2,641,493 | A | 6/1953 | Flugarth |
| 2,960,216 | A | 11/1960 | Brady |
| 3,618,995 | A | 11/1971 | McLean |
| 3,690,708 | A * | 9/1972 | Worley et al. .................. 292/101 |
| 3,782,765 | A | 1/1974 | Wallyn |
| 3,782,795 | A | 1/1974 | Richey et al. |
| D257,218 | S | 10/1980 | Eriksson |
| D278,502 | S * | 4/1985 | Powell, Jr. ..................... D7/605 |
| D289,850 | S | 5/1987 | Olson |

(Continued)

OTHER PUBLICATIONS

Yeti earlier design photos, published date unknown, but prior to the filing date of the present application.

(Continued)

*Primary Examiner* — Prabhakar Deshmukh
(74) *Attorney, Agent, or Firm* — Banner & Witcoff, Ltd.

(57) **CLAIM**
The ornamental design for a latch, as shown and described.

**DESCRIPTION**

FIG. **1** is a top, front, left perspective view of a latch showing my new design;
FIG. **2** is an enlarged partial top, front, left perspective view thereof;
FIG. **3** is an enlarged partial front view with a cut-away portion thereof;
FIG. **4** is an enlarged partial bottom, front perspective view thereof;
FIG. **5** is an enlarged exploded top, front, left partial perspective view thereof; and,
FIG. **6** is an enlarged partial bottom, front perspective view of an alternative configuration thereof.
The broken lines are for environmental purposes only and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,702,504 | A | | 10/1987 | Brothers |
| D297,813 | S | * | 9/1988 | Marx ............................ D8/394 |
| 4,804,215 | A | | 2/1989 | Bisbing |
| 4,828,298 | A | | 5/1989 | Bisbing |
| 4,830,413 | A | | 5/1989 | Bisbing |
| D314,683 | S | | 2/1991 | Scanland |
| D333,775 | S | * | 3/1993 | Krape ......................... D8/342 |
| 5,213,381 | A | * | 5/1993 | Anderson ................... 292/111 |
| D361,929 | S | * | 9/1995 | Weinerman et al. .......... D8/336 |
| D364,082 | S | * | 11/1995 | Weinerman et al. .......... D8/331 |
| 5,478,125 | A | * | 12/1995 | Gromotka ....................... 292/67 |
| D374,806 | S | * | 10/1996 | Ford et al. .................... D8/331 |
| D380,369 | S | | 7/1997 | Antonucci |
| 5,735,428 | A | * | 4/1998 | Chern ......................... 220/324 |
| 5,738,238 | A | * | 4/1998 | Yang .......................... 220/324 |
| 5,984,383 | A | * | 11/1999 | Parikh et al. ............... 292/121 |
| D427,882 | S | | 7/2000 | Wytcherley et al. |
| D435,780 | S | | 1/2001 | Tieu |
| 6,182,462 | B1 | * | 2/2001 | Bania et al. ................... 62/264 |
| D454,292 | S | | 3/2002 | Plummer et al. |
| 6,398,272 | B1 | * | 6/2002 | Plummer et al. ............. 292/246 |
| D469,681 | S | | 2/2003 | Votruba et al. |
| D491,440 | S | | 6/2004 | Pfeiffer et al. |
| D491,796 | S | | 6/2004 | Eriksson |
| D491,797 | S | | 6/2004 | Eriksson |
| D584,594 | S | | 1/2009 | Marko |
| D590,694 | S | | 4/2009 | Stuckey |
| 7,540,364 | B2 | * | 6/2009 | Sanderson ................... 190/119 |
| D602,347 | S | | 10/2009 | Allen |
| 8,186,728 | B2 | * | 5/2012 | Kopylov ....................... 292/113 |
| D699,100 | S | * | 2/2014 | Moreau et al. ................ D8/394 |
| 2008/0110892 | A1 | | 5/2008 | House |
| 2009/0139245 | A1 | * | 6/2009 | Blackway et al. ............. 62/3.62 |

OTHER PUBLICATIONS

Southco 37 Draw Latch Flyer, published date unknown, but prior to the filing date of the present application.
https://web.archive.org/web/20080530173551/http://www.alltackle.com/fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 8 pages.
https://web.archive.org/web/20080530173902/http://www.alltackle.com/yeti_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 5 pages.
https://webarchive.org/web/20081224163250/http://www.alltackle.com/icey_tek_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on Dec. 24, 2008, 5 pages.
Photographs showing prior art product sold in this country more than one year prior to the earliest filing date of the instant application, 22 pages.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6

EXHIBIT  3

US00D712722S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D712,722 S**

Seiders      (45) **Date of Patent:**    **    **Sep. 9, 2014**

(54) **LATCH**

(71) Applicant: **YETI Coolers, LLC**, Austin, TX (US)

(72) Inventor: **Roy Joseph Seiders**, Austin, TX (US)

(73) Assignee: **YETI Coolers, LLC**, Austin, TX (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/487,104**

(22) Filed: **Apr. 4, 2014**

**Related U.S. Application Data**

(63) Continuation of application No. 29/479,076, filed on Jan. 10, 2014, and a continuation of application No. 13/304,739, filed on Nov. 28, 2011.

(51) **LOC (10) Cl.** .............................................. **08-07**

(52) **U.S. Cl.**
USPC .......................................................... **D8/343**

(58) **Field of Classification Search**
USPC ................. D8/330, 331, 341, 343, 301, 302; 70/14, 64–76, 141, 142, 119, 111, 164, 70/240, DIG. 80; 292/358, 359, 348, 256, 292/256.5, 247, DIG. 31, DIG. 49, DIG. 63; D3/232, 900, 903; 220/324, 833, 834; 190/900, 902; 206/6.1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D2,237 | S | 12/1865 | Richardson |
| 1,087,167 | A | 2/1914 | Groehn |
| 1,483,953 | A | 2/1924 | Rainey |
| 1,490,575 | A | 4/1924 | Masury et al. |
| 1,699,313 | A | 1/1929 | Schlaich |
| 2,641,493 | A | 6/1953 | Flugarth |
| 2,960,216 | A | 11/1960 | Brady |
| 3,618,995 | A | 11/1971 | McLean |

| | | | | |
|---|---|---|---|---|
| 3,690,708 | A | * | 9/1972 | Worley et al. ................. 292/101 |
| 3,782,765 | A | | 1/1974 | Wallyn |
| 3,782,795 | A | | 1/1974 | Richey et al. |
| D257,218 | S | | 10/1980 | Eriksson |
| D278,502 | S | * | 4/1985 | Powell, Jr. ...................... D7/605 |
| D289,850 | S | | 5/1987 | Olson |
| 4,702,504 | A | | 10/1987 | Brothers |
| D297,813 | S | * | 9/1988 | Marx ............................. D8/394 |
| 4,804,215 | A | | 2/1989 | Bisbing |
| 4,828,298 | A | | 5/1989 | Bisbing |

(Continued)

OTHER PUBLICATIONS

Yeti design photos, published date unknown, but prior to the filing date of the present application.

(Continued)

*Primary Examiner* — Prabhakar Deshmukh

(74) *Attorney, Agent, or Firm* — Banner & Witcoff, Ltd.

(57) **CLAIM**

The ornamental design for a latch, as shown and described.

**DESCRIPTION**

FIG. **1** is a top, front, left perspective view of a latch showing my new design;

FIG. **2** is an enlarged partial top, front, left perspective view thereof;

FIG. **3** is an enlarged partial front view with a cut-away portion thereof;

FIG. **4** is an enlarged partial bottom, front perspective view thereof;

FIG. **5** is an enlarged exploded top, front, left partial perspective view thereof; and,

FIG. **6** is an enlarged partial bottom, front perspective view of an alternative configuration thereof.

The broken lines are for environmental purposes only and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



## US D712,722 S

(56)                    **References Cited**

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,830,413 | A | | 5/1989 | Bisbing |
| D314,683 | S | | 2/1991 | Scanland |
| D333,775 | S | * | 3/1993 | Krape ............................ D8/342 |
| 5,213,381 | A | * | 5/1993 | Anderson .................... 292/111 |
| D361,929 | S | * | 9/1995 | Weinerman et al. .......... D8/336 |
| D364,082 | S | * | 11/1995 | Weinerman et al. .......... D8/331 |
| 5,478,125 | A | * | 12/1995 | Gromotka .................... 292/67 |
| D374,806 | S | * | 10/1996 | Ford et al. .................... D8/331 |
| D380,369 | S | | 7/1997 | Antonucci |
| 5,735,428 | A | * | 4/1998 | Chern .......................... 220/324 |
| 5,738,238 | A | * | 4/1998 | Yang ............................ 220/324 |
| 5,984,383 | A | * | 11/1999 | Parikh et al. ................ 292/121 |
| D427,882 | S | | 7/2000 | Wytcherley et al. |
| D435,780 | S | | 1/2001 | Tieu |
| 6,182,462 | B1 | * | 2/2001 | Bania et al. .................... 62/264 |
| D454,292 | S | | 3/2002 | Plummer et al. |
| 6,398,272 | B1 | * | 6/2002 | Plummer et al. ............ 292/246 |
| D469,681 | S | | 2/2003 | Votruba et al. |
| D491,440 | S | | 6/2004 | Pfeiffer et al. |
| D491,796 | S | | 6/2004 | Eriksson |
| D491,797 | S | | 6/2004 | Eriksson |
| D584,594 | S | | 1/2009 | Marko |
| D590,694 | S | | 4/2009 | Stuckey |
| 7,540,364 | B2 | * | 6/2009 | Sanderson .................. 190/119 |
| D602,347 | S | | 10/2009 | Allen |
| 8,186,728 | B2 | * | 5/2012 | Kopylov ...................... 292/113 |
| D699,100 | S | * | 2/2014 | Moreau et al. ................ D8/394 |
| 2008/0110892 | A1 | | 5/2008 | House |
| 2009/0139245 | A1 | * | 6/2009 | Blackway et al. ............ 62/3.62 |

### OTHER PUBLICATIONS

Southco 37 Draw Latch Flyer, published date unknown, but prior to the filing date of the present application.

https://web.archive.org/web/20080530173551/http://www.alltackle.com/fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 8 pages.

https://web.archive.org/web/20080530173902/http://www.alltackle.com/yeti_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 5 pages.

https://webarchive.org/web/20081224163250/http://www.alltackle.com/icey_tek_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on Dec. 24, 2008, 5 pages.

Photographs showing prior art product sold in this country more than one year prior to the earliest filing date of the instant application, 22 pages.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4

Case 1:14-cv-00871-SS   Document 1   Filed 09/15/14   Page 51 of 61



FIG. 5



FIG. 6

EXHIBIT  4

US00D712723S

(12) **United States Design Patent**    (10) Patent No.:      **US D712,723 S**

Seiders                                  (45) Date of Patent:   **  ** **Sep. 9, 2014**

(54) **LATCH**

(71) Applicant: **YETI Coolers, LLC**, Austin, TX (US)

(72) Inventor: **Roy Joseph Seiders**, Austin, TX (US)

(73) Assignee: **YETI Coolers, LLC**, Austin, TX (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/487,108**

(22) Filed: **Apr. 4, 2014**

**Related U.S. Application Data**

(63) Continuation of application No. 29/479,076, filed on Jan. 10, 2014, and a continuation of application No. 13/304,739, filed on Nov. 28, 2011.

(51) **LOC (10) Cl.** ................................................. **08-07**

(52) **U.S. Cl.**
USPC ........................................................ **D8/343**

(58) **Field of Classification Search**
CPC ............. E05C 1/00; E05C 1/002; E05C 1/08; E05C 1/10; E05C 3/00; E05C 3/002; E05C 3/12; E05C 3/16; E05C 19/08
USPC ................. D8/330, 331, 341, 343, 301, 302; 70/14, 64–76, 141, 142, 119, 111, 164, 70/240, DIG. 80; 292/358, 359, 348, 256, 292/256.5, 247, DIG. 31, DIG. 49, DIG. 63; D3/232, 900, 903; 220/324, 833, 834; 190/900, 902; 206/6.1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D2,237 | S | 12/1865 | Richardson |
| 1,087,167 | A | 2/1914 | Groehn |
| 1,483,953 | A | 2/1924 | Rainey |
| 1,490,575 | A | 4/1924 | Masury et al. |
| 1,699,313 | A | 1/1929 | Schlaich |
| 2,641,493 | A | 6/1953 | Flugarth |
| 2,960,216 | A | 11/1960 | Brady |
| 3,618,995 | A | 11/1971 | McLean |
| 3,690,708 | A * | 9/1972 | Worley et al. ................. 292/101 |
| 3,782,765 | A | 1/1974 | Wallyn |
| 3,782,795 | A | 1/1974 | Richey et al. |

(Continued)

OTHER PUBLICATIONS

Yeti design photos, published date unknown, but prior to the filing date of the present application.

(Continued)

*Primary Examiner* — Prabhakar Deshmukh
(74) *Attorney, Agent, or Firm* — Banner & Witcoff, Ltd.

(57)            **CLAIM**
The ornamental design for a latch, as shown and described.

**DESCRIPTION**

FIG. **1** is a top, front, left perspective view of a latch showing my new design;
FIG. **2** is an enlarged partial top, front, left perspective view thereof;
FIG. **3** is an enlarged partial front view with a cut-away portion thereof;
FIG. **4** is an enlarged partial bottom, front perspective view thereof;
FIG. **5** is an enlarged exploded top, front, left partial perspective view thereof; and,
FIG. **6** is an enlarged partial bottom, front perspective view of an alternative configuration thereof.
The broken lines defining the latch immediately adjacent to the shaded area represent unclaimed boundaries of the design. The remaining broken lines are for environmental purposes only and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



## US D712,723 S

Page 2

(56)                     **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D257,218 | S | 10/1980 | Eriksson |
| D278,502 | S * | 4/1985 | Powell, Jr. .................. D7/605 |
| D289,850 | S | 5/1987 | Olson |
| 4,702,504 | A | 10/1987 | Brothers |
| D297,813 | S * | 9/1988 | Marx ............................. D8/394 |
| 4,804,215 | A | 2/1989 | Bisbing |
| 4,828,298 | A | 5/1989 | Bisbing |
| 4,830,413 | A | 5/1989 | Bisbing |
| D314,683 | S | 2/1991 | Scanland |
| D333,775 | S * | 3/1993 | Krape ........................... D8/342 |
| 5,213,381 | A * | 5/1993 | Anderson .................. 292/111 |
| D361,929 | S * | 9/1995 | Weinerman et al. ........... D8/336 |
| D364,082 | S * | 11/1995 | Weinerman et al. ........... D8/331 |
| 5,478,125 | A * | 12/1995 | Gromotka ..................... 292/67 |
| D374,806 | S * | 10/1996 | Ford et al. .................... D8/331 |
| D380,369 | S | 7/1997 | Antonucci |
| 5,735,428 | A * | 4/1998 | Chern .......................... 220/324 |
| 5,738,238 | A * | 4/1998 | Yang ............................ 220/324 |
| 5,984,383 | A * | 11/1999 | Parikh et al. .................. 292/121 |
| D427,882 | S | 7/2000 | Wytcherley et al. |
| D435,780 | S | 1/2001 | Tieu |
| 6,182,462 | B1 * | 2/2001 | Bania et al. ................... 62/264 |
| D454,292 | S | 3/2002 | Plummer et al. |
| 6,398,272 | B1 * | 6/2002 | Plummer et al. ............. 292/246 |
| D469,681 | S | 2/2003 | Votruba et al. |
| D491,440 | S | 6/2004 | Pfeiffer et al. |
| D491,796 | S | 6/2004 | Eriksson |
| D491,797 | S | 6/2004 | Eriksson |
| D584,594 | S | 1/2009 | Marko |
| D590,694 | S | 4/2009 | Stuckey |
| 7,540,364 | B2 * | 6/2009 | Sanderson ................... 190/119 |
| D602,347 | S | 10/2009 | Allen |
| 8,186,728 | B2 * | 5/2012 | Kopylov ....................... 292/113 |
| D699,100 | S * | 2/2014 | Moreau et al. ................ D8/394 |
| 2008/0110892 | A1 | 5/2008 | House |
| 2009/0139245 | A1 * | 6/2009 | Blackway et al. ............. 62/3.62 |

OTHER PUBLICATIONS

Southco 37 Draw Latch Flyer, published date unknown, but prior to the filing date of the present application.

https://web.archive.org/web/20080530173551/http://www.alltackle. com/fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 8 pages.

https://web.archive.org/web/20080530173902/http://www.alltackle. com/yeti_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on May 30, 2008, 5 pages.

https://webarchive.org/web/20081224163250/http://www.alltackle. com/icey_tek_fish_coolers.htm, downloaded on May 21, 2014, depicting prior art products on sale in this country on Dec. 24, 2008, 5 pages.

Photographs showing prior art product sold in this country more than one year prior to the earliest filing date of the instant application, 22 pages.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6