# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 1:14-cv-00871-SS |
| SOUTHERN MARKETING AFFILIATES, INC., | § § § § | **JURY TRIAL REQUESTED** |
| Defendant. | § § § | |
| SOUTHERN MARKETING AFFILIATES, INC., | § § § § | |
| Counterclaim-Plaintff, | § § | |
| v. | § § | |
| YETI COOLERS, LLC, | § § § § | |
| Counterclaim-Defendant. | § § | |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF
SOUTHERN MARKETING AFFILIATES, INC.'S ANSWER,
<u>AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

Defendant/Counterclaim-Plaintiff Southern Marketing Affiliates, Inc. ("SMA"), by and through its attorneys, for its Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiff Yeti Coolers, LLC ("YETI"), states as follows:

## PARTIES

1. SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. SMA admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. SMA admits that YETI purports to bring the referenced actions, but denies that any factual or legal basis exists for any of YETI's claims against SMA in this action and denies that YETI is entitled to any relief whatsoever from SMA or this Court.

4. SMA admits that this Court has subject matter jurisdiction over this action, but denies that any factual or legal basis exists for any of YETI's claims against SMA in this action and denies that YETI is entitled to any relief whatsoever from SMA or this Court.

5. SMA denies the allegations in Paragraph 5 of the Complaint.

6. SMA admits that this Court has personal jurisdiction over SMA but denies that any events or omissions have occurred that would give rise to any claims.

7. SMA admits that venue is proper in this district but denies that any events or omissions have occurred that would give rise to any claims.

## GENERAL ALLEGATIONS

8. SMA denies that YETI's asserted cooler designs are distinctive or non-functional, and denies that they have acquired secondary meaning or become famous. SMA admits that what appear to be copies of U.S. Design Patent Nos. D712,720, D712,721, D712,722 and D712,723 are attached to the Complaint as Exhibits 1-4. SMA is without information or

knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore denies those allegations.

9. SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies those allegations.

10. SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies those allegations.

11. SMA admits that Illustration 1 purports to show the YETI Roadie cooler design, but denies that the Roadie cooler design is distinctive or non-functional, and denies that it has acquired secondary meaning.

12. SMA denies that the YETI Roadie cooler design has acquired secondary meaning. SMA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13. SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies those allegations.

14. SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15. SMA admits that Illustration 2 purports to show the YETI Tundra cooler designs, but denies that the Tundra cooler designs are distinctive or non-functional, and denies that they have acquired secondary meaning.

16. SMA denies that YETI's Tundra cooler designs have acquired secondary meaning. SMA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and therefore denies those allegations.

17. SMA admits that YETI purports to claim trade dress rights in the Roadie and Tundra coolers, but denies that YETI's asserted trade dress is protectable, distinctive, or non-functional, and denies that it has acquired secondary meaning.

18. SMA denies that YETI's asserted trade dress is "famous" or has acquired secondary meaning. SMA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and therefore denies those allegations.

19. SMA admits that what appear to be copies of U.S. Design Patent Nos. D712,720, D712,721, D712,722 and D712,723 are attached to the Complaint as Exhibits 1-4. SMA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies those allegations.

20. SMA admits it has offered for sale and sold coolers under the name "ICEBIN" in 20 liter, 35 liter and 65 liter sizes, but otherwise denies the allegations in Paragraph 20 of the Complaint.

21. SMA admits that Illustrations 4-6 purport to compare the YETI coolers and Defendant's products, but denies that Defendant's products are infringing.

22. SMA denies that YETI's asserted trade dress has become "famous" or acquired secondary meaning. SMA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and therefore denies those allegations.

23. SMA admits that YETI did not expressly "authorize" Defendant's products but denies that Defendant needed YETI's authorization; SMA also denies that its products are infringing.

24. SMA admits that Illustrations 7 purports to compare U.S. Design Patent Nos. D712,720, D712,721, D712,722 and D712,723, and Defendant's products, but denies that Defendant's products are infringing.

25. SMA admits that it is subject to personal jurisdiction in this district but denies that any events or omissions have occurred that would give rise to any claims.

26. SMA denies the allegations in Paragraph 26 of the Complaint.

27. SMA admits that on or about July 8, 2014 YETI sent a letter to SMA, but denies the letter constituted sufficient notice of alleged "infringement"; SMA also states that said letter "speaks for itself."  SMA further states that it responded to YETI's letter requesting that YETI specifically identify the "trade dress" that SMA supposedly infringed so that SMA could address YETI's concerns, and YETI never responded to SMA's request.

28. SMA denies the allegations in Paragraph 28 of the Complaint and denies that YETI is entitled to the requested relief.

## COUNT I

### Trade Dress Infringement under Section 43(a)

29. SMA incorporates by reference its responses to paragraphs 1 to 28, inclusive, as though fully set forth herein.

30. SMA denies the allegations in Paragraph 30 of the Complaint.

31. SMA denies the allegations in Paragraph 31 of the Complaint.

32. SMA denies the allegations in Paragraph 32 of the Complaint.

33. SMA denies the allegations in Paragraph 33 of the Complaint.

34. SMA denies the allegations in Paragraph 34 of the Complaint.

35. SMA denies the allegations in Paragraph 35 of the Complaint and denies that YETI is entitled to the requested relief.

## COUNT II
### Unfair Competition and False Designation of Origin under Section 43(a)

36. SMA incorporates by reference its responses to paragraphs 1 to 35, inclusive, as though fully set forth herein.

37. SMA denies the allegations in Paragraph 37 of the Complaint.

38. SMA denies the allegations in Paragraph 38 of the Complaint.

39. SMA denies the allegations in Paragraph 39 of the Complaint.

40. SMA denies the allegations in Paragraph 40 of the Complaint.

41. SMA denies the allegations in Paragraph 41 of the Complaint.

42. SMA denies the allegations in Paragraph 42 of the Complaint and denies that YETI is entitled to the requested relief.

## COUNT III
### Trade Dress Dilution under Section 43(c)

43. SMA incorporates by reference its responses to paragraphs 1 to 42, inclusive, as though fully set forth herein.

44. SMA denies the allegations in Paragraph 44 of the Complaint.

45. SMA denies the allegations in Paragraph 45 of the Complaint.

46. SMA denies the allegations in Paragraph 46 of the Complaint.

47. SMA denies the allegations in Paragraph 47 of the Complaint.

48. SMA denies the allegations in Paragraph 48 of the Complaint.

49. SMA denies the allegations in Paragraph 49 of the Complaint and denies that

YETI is entitled to the requested relief.

## COUNT IV
### Patent Infringement

50. SMA incorporates by reference its responses to paragraphs 1 to 49, inclusive, as though fully set forth herein.

51. SMA denies the allegations in Paragraph 51 of the Complaint.

52. SMA denies the allegations in Paragraph 52 of the Complaint.

53. SMA denies the allegations in Paragraph 53 of the Complaint.

54. SMA denies the allegations in Paragraph 54 of the Complaint and denies that YETI is entitled to the requested relief.

## COUNT V
### Trade Dress Dilution under Texas Law

55. SMA incorporates by reference its responses to paragraphs 1 to 54, inclusive, as though fully set forth herein.

56. SMA denies the allegations in Paragraph 56 of the Complaint.

57. SMA denies the allegations in Paragraph 57 of the Complaint.

58. SMA denies the allegations in Paragraph 58 of the Complaint.

59. SMA denies the allegations in Paragraph 59 of the Complaint.

60. SMA denies the allegations in Paragraph 60 of the Complaint.

61. SMA denies the allegations in Paragraph 61 of the Complaint and denies that Plaintiff is entitled to the requested relief.

## COUNT VI
## Common Law Trademark Infringement

62. SMA incorporates by reference its responses to paragraphs 1 to 61, inclusive, as though fully set forth herein.

63. SMA denies the allegations in Paragraph 63 of the Complaint.

64. SMA denies the allegations in Paragraph 64 of the Complaint.

65. SMA denies the allegations in Paragraph 65 of the Complaint.

66. SMA denies the allegations in Paragraph 66 of the Complaint.

67. SMA denies the allegations in Paragraph 67 of the Complaint.

68. SMA denies the allegations in Paragraph 68 of the Complaint and denies that YETI is entitled to the requested relief.

## COUNT VII
## Common Law Unfair Competition

69. SMA incorporates by reference its responses to paragraphs 1 to 68, inclusive, as though fully set forth herein.

70. SMA denies the allegations in Paragraph 70 of the Complaint.

71. SMA denies the allegations in Paragraph 71 of the Complaint.

72. SMA denies the allegations in Paragraph 72 of the Complaint.

73. SMA denies the allegations in Paragraph 73 of the Complaint.

74. SMA denies the allegations in Paragraph 74 of the Complaint.

75. SMA denies the allegations in Paragraph 75 of the Complaint and denies that YETI is entitled to the requested relief.

## COUNT VIII
### Common Law Misappropriation

76.     SMA incorporates by reference its responses to paragraphs 1 to 75, inclusive, as though fully set forth herein.

77.     SMA denies the allegations in Paragraph 77 of the Complaint.

78.     SMA denies the allegations in Paragraph 78 of the Complaint.

79.     SMA denies the allegations in Paragraph 79 of the Complaint.

80.     SMA denies the allegations in Paragraph 80 of the Complaint.

81.     SMA denies the allegations in Paragraph 81 of the Complaint.

82.     SMA denies the allegations in Paragraph 82 of the Complaint and denies that YETI is entitled to the requested relief.

## COUNT IX
### Unjust Enrichment

83.     SMA incorporates by reference its responses to paragraphs 1 to 82, inclusive, as though fully set forth herein.

84.     SMA denies the allegations in Paragraph 84 of the Complaint.

85.     SMA denies the allegation in Paragraph 85 of the Complaint.

86.     SMA denies the allegations in Paragraph 86 of the Complaint.

87.     SMA denies the allegations in Paragraph 87 of the Complaint.

88.     SMA denies the allegations in Paragraph 88 of the Complaint.

89.     SMA denies the allegations in Paragraph 89 of the Complaint and denies that YETI is entitled to the requested relief.

## JURY DEMAND

90. YETI's demand for jury trial does not state any allegation to which a response is required.

## PRAYER FOR RELIEF

SMA denies that YETI is entitled to the relief sought or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

SMA asserts the following affirmative defenses to the causes of action asserted in the Complaint:

A. SMA denies any allegations in the Complaint not specifically admitted above.

B. The Complaint fails to state a claim upon which relief can be granted.

C. The Complaint fails to allege with specificity the elements of YETI's alleged trade dress, as required to state a claim for trade dress infringement.

D. No cause of action exists for "misappropriation" of a trademark, and trade dress infringement cannot be pleaded as "misappropriation."

E. Unjust enrichment is not an independent cause of action.

F. YETI's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, estoppel and/or unclean hands.

G. YETI's purported claims for infringement of U.S. Design Patent Nos. D712,720, D712,721, D712,722 and D712,723 are barred because those patents are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103 and/or 112.

H. U.S. Design Patent Nos. D712,720, D712,721, D712,722 and D712,723 are invalid because the patented designs are primarily functional rather than ornamental.

I. SMA does not infringe and has not infringed any valid and enforceable claim of U.S. Design Patent Nos. D712,720, D712,721, D712,722 or D712,723.

J. YETI's asserted trade dress is not inherently distinctive and lacks secondary meaning.

K.  YETI's asserted trade dress is functional.

L.  SMA has not infringed and is not infringing YETI's asserted trade dress.

M.  SMA expressly reserves the right to assert additional defenses as they become known through further investigation and/or discovery.

WHEREFORE, SMA respectfully requests that this Court dismiss YETI's Complaint with prejudice, enter judgment against YETI and in favor of SMA, declare that this is an exceptional case, award SMA its attorneys' fees, costs and expenses, and provide such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Southern Marketing Affiliates, Inc. ("SMA"), by and through its undersigned counsel, sets forth its Counterclaims against Counterclaim-Defendant Yeti Coolers, LLC ("YETI") and alleges as follows:

### PARTIES

1.  SMA is incorporated in Arkansas with its principal place of business at 2623 Commerce Dr., Jonesboro, AR 72401.

2.  Upon information and belief, YETI is a Delaware corporation with a principal place of business at 5301 Southwest Parkway, Suite 2000, Austin, TX 78735.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

4. The Court has personal jurisdiction over the parties and venue is proper in this district pursuant to at least 28 U.S.C. § 1391.

## COUNT I
### Declaratory Judgment of Invalidity and Non-Infringement of YETI Patents

5. SMA realleges and incorporates by reference the allegations in all previous paragraphs including affirmative defenses, as though fully set forth herein.

6. There is a justiciable controversy between SMA and YETI concerning the validity of U.S. Design Patent Nos. D712,720, D712,721, D712,722 and D712,723 (the "YETI Patents"), and SMA's liability for infringement thereof.

7. This counterclaim is brought for a declaratory judgment that the YETI Patents are invalid and not infringed.

8. SMA has not infringed and is not now infringing the YETI Patents.

9. The YETI Patents are invalid and unenforceable under 35 USC §§ 101, 102, 103 and/or 112.

10. The YETI Patents are directed to "[t]he ornamental design for a latch." YETI disclosed and asserted claims directed to the latch feature in its earlier U.S. utility patent application Ser. No. 13/304,739 filed November 28, 2011.

11. Only the non-functional aspects of an ornamental design are proper bases for design patent protection. The disclosure and claims in YETI's utility patent application show that the claimed features are functional.

12. SMA thus seeks a Declaratory Judgment that the YETI Patents are invalid and not infringed by SMA.

---

## COUNT II
### Declaratory Judgment of Invalidity and Non-infringement of YETI Trade Dress

13.     SMA realleges and incorporates by reference the allegations in paragraphs 1 through 12 of the Counterclaims, as though fully set forth herein.

14.     There is an actual and justiciable controversy between the parties concerning the validity of YETI's asserted trade dress (the "YETI Trade Dress"), and SMA's liability for infringement thereof.

15.     YETI's asserted mark, which consists of a three-dimensional configuration of the goods, namely, coolers, is a functional design for such goods.  Functional matter cannot be protected as trade dress or a trademark.

16.     YETI's '739 utility patent application shows that the features claimed as a trademark are functional.  YETI disclosed and asserted claims directed to the YETI cooler and latching mechanism in the '739 application.

17.     The YETI Trade Dress is also invalid because it is not distinctive and lacks secondary meaning.  Further, in light of the multiple other users of the same or similar marks, the asserted mark cannot legally acquire distinctiveness as used in commerce.

18.     On June 26, 2014, YETI filed U.S. trademark application Ser. No. 86/322,070 to register the "trade dress" of its coolers.  On October 8, 2014, the Trademark Examiner issued an Office Action finding that the applied-for mark consisted of a nondistinctive product design that was not registrable without proof of secondary meaning, and that the mark included functional elements that cannot be protected as a trademark.

19. SMA has not infringed and is not now infringing the YETI Trade Dress.

20. SMA thus seeks a Declaratory Judgment that the YETI Trade Dress is invalid and not infringed by SMA.

## PRAYER FOR RELIEF

WHEREFORE, with respect to its Counterclaims, SMA respectfully requests the following relief from this honorable Court:

1. A Declaratory Judgment that YETI's asserted trade dress is invalid and not infringed by SMA;

2. A Declaratory Judgment that U.S. Design Patent Nos. D712,720, D712,721, D712,722 and D712,723 are invalid and not infringed by SMA;

3. Injunctive relief to restrain YETI from the further wrongful assertion of infringement against SMA or its customers, or otherwise competing unfairly with SMA in any manner;

4. An award of attorneys' fees;

5. An award of any and all litigation costs and expenses incurred by SMA in connection with this controversy; and

6. Such further relief as the Court deems fair and/or equitable in this case.

## JURY DEMAND

Southern Marketing Affiliates, Inc. demands trial by jury on all issues in the Complaint and Counterclaims so triable.

| | |
|---|---|
| DATED:  November 12, 2014. | /s/ David L. Joers<br>Peter V. Schroeder, Texas Bar No. 00794606<br>(*pro hac vice*)<br>David L: Joers, Texas Bar No. 10669800<br>BOOTH ALBANESI & SCHROEDER LLC<br>1601 Elm Street, Suite 1950<br>Dallas, Texas  75201-4744<br>(214) 220-0444 (telephone)<br>(214) 220-0445 (facsimile)<br>firm@ipoftexas.com<br><br>ATTORNEYS FOR SOUTHERN MARKETING AFFILIATES, INC. |

### CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the CM/ECF registered participant(s) as identified on the Notice of Electronic Filing (NEF), and I hereby certify that I have mailed paper copies of the foregoing via United States Postal Service to the non-CM/ECF participants as identified on the NEF.

/s/ David L. Joers